# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | | |
|---|---|---|
| **ADORN, LLC, a Delaware Limited Liability Company,** | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 7:06-cv-115(HL) |
| **LAKESIDE PARK HOMES, INC., a Georgia Corporation,** | : | |
| Defendant. | : | |

## ORDER

Plaintiff, Adorn, LLC, a Delaware Limited Liability Company, filed a complaint in this Court on November 9, 2006. Consistent with the practices of this Court, the complaint was subjected to an initial review. Following review, the Court directs Plaintiff to amend consistent with the following.

District courts have original jurisdiction of all civil actions in which the amount in controversy exceeds $75,000 and is between citizens of different states. 28 U.S.C.A. § 1332(a) (West 2006). For purposes of 28 U.S.C.A. § 1332, a corporation is deemed to be a citizen of any state in which it has been incorporated and the state where it has its one principal place of business. 28 U.S.C.A. § 1332(c)(1) (West 2006). Thus, pursuant to 28 U.S.C.A. § 1332, a corporation, such as Defendant here, Lakeside Park Homes, Inc., may be deemed to be a citizen of more than one state.

The citizenship of a limited liability company is not determined in the same manner as

a corporation, however. In the Eleventh Circuit, the citizenship of a limited liability company, as an artificial, unincorporated entity, is determined for diversity jurisdiction purposes by the citizenship of all the members composing the organization. Rolling Greens MHP v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1021-22 (11th Cir. 2004). Thus, a limited liability company is a citizen of any state of which a member of the company is a citizen. Id. at 1022. And, therefore, like a corporation, a limited liability company could be deemed a citizen of more than one state.

Because federal courts are courts of limited jurisdiction, they "always have an obligation to examine *sua sponte* their jurisdiction before reaching the merits of any claim." Kelly v. Harris, 331 F.3d 817, 819 (11th Cir. 2003). The party seeking to invoke federal jurisdiction based on diversity of citizenship bears the burden of establishing the citizenship of the parties. Ray v. Bird & Son & Asset Realization Co., 519 F.2d 1081, 1082 (5th Cir. 1975). To sufficiently allege the citizenship of a limited liability company, a party must list the citizenship of all the members of the limited liability company. Rolling Greens, 374 F.3d at 1022.

In examining the jurisdictional allegations presented in the complaint, the Court finds they are lacking. Specifically, Plaintiff has failed to identify the citizenship of each of the members of Adorn, LLC. As a result, this Court is unable to ascertain whether complete diversity of citizenship exists and, therefore, the complaint fails to satisfy the prerequisites of subject matter jurisdiction. However, the Court is of the opinion that Plaintiff should be allowed to amend to correct the deficiencies noted. Accordingly, Plaintiff shall have twenty days from the date of entry of this Order in which to file an amendment that conforms to the

findings of this Order.  Failure to plead the necessary jurisdictional prerequisites in a timely manner will result in dismissal for lack of jurisdiction.

**SO ORDERED**, this the 14th day of November, 2006.

s/   Hugh Lawson<br>**HUGH LAWSON, JUDGE**

mls