# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

**ADORN, LLC, a Delaware Limited** :
**Liability Company,** :
                                        :
      Plaintiff, :
                                        :   Civil Action No. 7:06-cv-115(HL)
v. :
                                          :
**LAKESIDE PARK HOMES, INC.,** :
**a Georgia corporation,** :
                                          :
      Defendant. :

## ORDER

Before the Court is Plaintiff's Motion for Entry of Judgment by Default (Doc. 6). Plaintiff, Adorn, LLC, has brought this suit against Defendant, Lakeside Park Homes, Inc., for account stated, breach of contract, unjust enrichment, price of goods and attorney fees. Plaintiff is seeking an entry of default judgment by the Clerk pursuant to Rule 55(b)(1) of the Federal Rules of Civil Procedure. Plaintiff is seeking damages in the amount of $96,298.72, which includes $46,298.72 in unpaid principal and interest and $50,000.00 in unrecovered costs, incidental and consequential damages, and lost profits. Plaintiff is also seeking attorney fees in the amount of $4,225.00.

The complaint in this case was filed on November 9, 2006. An amended complaint alleging jurisdiction was filed on November 14, 2006. Defendant was personally served with a copy of the amended complaint on November 20, 2006. Defendant has not filed an answer or otherwise made an appearance in this case. On January 3, 2007, Plaintiff moved for Clerk's entry of default in accordance with Federal Rule of Civil Procedure 55(a). The Clerk's office entered Defendant's default on the docket on January 4, 2007. Plaintiff has now moved for a Clerk's entry of default

judgment against Defendant pursuant to Federal Rule of Civil Procedure 55(b)(1). Defendant has not responded to the Motion.

The Court, having given due consideration to the allegations of the complaint and the Motion, finds that Plaintiff is not entitled to a judgment by default by the Clerk. Accordingly, Plaintiff's Motion is denied.

First, in order for default judgment to be entered by the Clerk, the alleged damages must be either for a "sum certain or for a sum which can by computation be made certain." Fed. R. Civ. P. 55(b)(1). Damages are "sum certain" when they are for a liquidated amount. United Artists Corp. v. Freeman, 605 F.2d 854, 857 (5th Cir. 1979) (per curium). Unliquidated damages may only be awarded without a hearing "if the record accurately reflects the basis for award . . . 'by detailed affidavits establishing the necessary facts.'" Adolph Coors Co. v. Movement Against Racism and the Klan, 777 F.2d 1538, 1544 (11th Cir. 1985) (quoting United Artists Corp., 605 F.2d at 857). It is not sufficient to simply request a specific amount, rather the amount must be "reasonable under the circumstances." Patray v. Nw. Publ'g., Inc., 931 F. Supp. 865, 869 (S.D. Ga. 1996).

Here, the amount as to which Plaintiff is seeking default judgment includes $50,000.00 for unrecovered costs, incidental and consequential damages, and lost profits. (Mot. at 1-2.) There is no further allegation in the complaint, motion, or affidavits to support the amount specifically or to a calculable amount. The alleged damages are not liquidated or even listed separately. The motion and affidavit fail to even state specific amounts for unrecovered costs, incidental and consequential damages, or lost profits but, rather, allege the broad sum of $50,000.00. Therefore, the Court finds that the alleged damages are not for a "sum certain." As to the $50,000 in damages sought, a hearing would be necessary to determine the appropriateness of the amount.

2

Second, Rule 55(b)(1) does not allow an award of attorney fees as part of a default judgment entered by the clerk. <u>Hunt v. Inter-Globe Energy, Inc.</u>, 770 F.2d 145, 148 (10th Cir. 1985). Attorney fees are simply not a sum certain and therefore bar entry of judgment by the Clerk. <u>Chemtall, Inc. v. Citi-Chem, Inc.</u>, 992 F. Supp. 1390, 1412 (S.D. Ga. 1998). Plaintiff is seeking attorney fees in the amount of $4,225.00. (Mot. at 1-2.) Plaintiff's request for attorney fees thus precludes entry of default judgment by the Clerk.

In view of the foregoing, Plaintiff's Motion for Entry of Judgment by Default is denied. If Plaintiff desires an entry of judgment by default by the Court, it may file an appropriate motion, and a hearing will be scheduled as necessary to determine any unliquidated amounts or attorney fees which may be sought.

**SO ORDERED**, this the 26th day of February, 2007.

<u>s/ Hugh Lawson</u>
**HUGH LAWSON, Judge**

eab